United States District Court

for the

District of Wyoming

| | | |
|---|---|---|
| Jake Stanley DeWilde | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00003-SWS |
| | ) | |
| Attorney General of the United States; Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

In accordance with Federal Rule of Civil Procedure 56, Plaintiff hereby moves this Court for summary judgment. In accordance with Local Rule 7.1(b)(2)(d), this motion is accompanied by a brief that sets forth the contentions of law, arguments, and authorities on which Plaintiff relies in support of this motion.[1]

---

[1] Plaintiff files contemporaneously herewith his response to Defendants' Motion to Dismiss. Plaintiff thus files a combined brief in support of his Motion for Summary Judgment and in opposition to Defendants' Motion to Dismiss the Amended Complaint (ECF No. 16).

1

## SUMMARY

With the clarifications of *New York State Rifle & Pistol Assn., Inc.* v. *Bruen,* 597 U.S. ___ (2022), the statute challenged by Plaintiff, 18 U.S.C. § 922(o) ("the machinegun ban") does not pass constitutional muster. Since machineguns are a type of arm in common use and protected under the plain text of the Second Amendment, "as informed by history[,]" the "Constitution presumptively protects" the possession of machineguns, and "the government must demonstrate that" the machinegun ban "is consistent with this Nation's historical tradition of firearm regulation." *Id.,* slip op. at 8. The Defendants have failed to satisfy the burden imposed on them by *Bruen.* Accordingly, Plaintiff requests that the Court grant summary judgment in his favor.

DATED this 7th day of April, 2023.   Respectfully Submitted,

Jake S. DeWilde
PO Box 267
Wapiti, WY 82450
(307) 587-4524