APPEAL,PROSE,TERMED

# U.S. District Court
## District of Wyoming (Casper)
## CIVIL DOCKET FOR CASE #: <u>1:23−cv−00003−SWS</u>
### *Internal Use Only*

DeWilde v. United States Attorney General et al
Assigned to: Honorable Scott W Skavdahl
Referred to: Honorable Kelly H Rankin
Cause: 28:1331 Fed. Question

Date Filed: 01/06/2023
Date Terminated: 07/17/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Jake Stanley DeWilde** | represented by | **Jake Stanley DeWilde**<br>PO Box 267<br>Wapiti, WY 82450<br>Email: <u>jakedewilde@gmail.com</u><br>PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **United States Attorney General**<br>*in his official capacity*<br>*also known as*<br>Merrick Garland | represented by | **Jeremy A Gross**<br>UNITED STATES ATTORNEY'S<br>OFFICE<br>PO Box 668<br>2120 Capitol Avenue, 4th Floor<br>Cheyenne, WY 82003−0668<br>307/772−2124<br>Fax: 307/772−2123<br>Email: <u>jeremy.gross@usdoj.gov</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jeremy S. B. Newman**<br>DEPARTMENT OF JUSTICE<br>1100 L Street NW<br>Washington, DC 20005<br>202−532−3114<br>Email: <u>jeremy.s.newman@usdoj.gov</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Bureau of Alcohol Tobacco Firearms and Explosives Director**<br>*in his official capacity*<br>*also known as*<br>Steven Dettelbach | represented by | **Jeremy A Gross**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Jeremy S. B. Newman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/06/2023 | 1 | COMPLAINT (1 summons issued) ( Filing fee $402 receipt #CSP 1–81.), filed by Jake Stanley DeWilde. (Attachments: # 1 Appendix A, # 2 Envelope) (Court Staff, stbd) (Entered: 01/06/2023) |
| 01/06/2023 | 2 | Summons Issued. (Court Staff, stbd) (Entered: 01/06/2023) |
| 01/06/2023 | 3 | Pro Se Electronic Notification Registration Form by Jake Stanley DeWilde. (Court Staff, stbd) (Entered: 01/06/2023) |
| 01/30/2023 | 4 | SUMMONS Returned Executed by Jake Stanley DeWilde. United States Attorney General served on 1/19/2023, answer due on 3/20/2023. Served through the United States Attorney General. (Attachments: # 1 envelope) (Court Staff, skb) (Main Document 4 replaced due to upside down page on 2/2/2023) (Court Staff, skb). (Entered: 01/30/2023) |
| 02/13/2023 | 5 | SUMMONS Returned Executed by Jake Stanley DeWilde. Bureau of Alcohol Tobacco Firearms and Explosives Director served on 1/30/2023, answer due on 3/31/2023. (Attachments: # 1 Envelope) (Court Staff, stbd) Modified text to reflect correct answer date of 60 days/NEF regenerated on 2/13/2023 (Court Staff, stbd). (Additional attachment(s) added on 2/14/2023: # 2 Certified Mail Receipt) (Court Staff, stbd). (Entered: 02/13/2023) |
| 03/08/2023 | 6 | NOTICE of Attorney Appearance by Jeremy A Gross on behalf of Bureau of Alcohol Tobacco Firearms and Explosives Director, United States Attorney General (Gross, Jeremy) (Entered: 03/08/2023) |
| 03/08/2023 | 7 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Jeremy S. B. Newman to appear pro hac vice; Check not tendered; filed by Defendants Bureau of Alcohol Tobacco Firearms and Explosives Director, United States Attorney General. (Attachments: # 1 Supplement Declaration of Jeremy S.B. Newman in Support of Motion for Admission Pro Hac Vice, # 2 Proposed Order Granting Motion for Admittance Pro Hac Vice)(Gross, Jeremy) Modified text on 3/10/2023 (Court Staff, skb). (Entered: 03/08/2023) |
| 03/08/2023 | 8 | ORDER by the Honorable Kelly H Rankin granting 7 MOTION for Jeremy S. B. Newman to appear pro hac vice filed by Bureau of Alcohol Tobacco Firearms and Explosives Director, United States Attorney General. (Court Staff, stbd) (Entered: 03/08/2023) |
| 03/13/2023 | 9 | MOTION to Dismiss *Complaint,* filed by Defendants Bureau of Alcohol Tobacco Firearms and Explosives Director, United States Attorney General. (Newman, Jeremy) Modified text on 3/20/2023 (Court Staff, skb). (Entered: 03/13/2023) |
| 03/13/2023 | 10 | MEMORANDUM in Support of 9 Motion to Dismiss, filed by Defendants Bureau of Alcohol Tobacco Firearms and Explosives Director, United States Attorney General. (Newman, Jeremy) (Entered: 03/13/2023) |
| 03/15/2023 | 11 | |

| | | |
|---|---|---|
| | | MOTION REFERRED TO Judge Kelly H Rankin. MOTION to Amend/Correct 1 Complaint filed by Plaintiff Jake Stanley DeWilde. (Attachments: # 1 Amended Complaint for Declaratory and Injunctive Relief, # 2 Envelope)(Court Staff, stbd) (Entered: 03/15/2023) |
| 03/16/2023 | 12 | RESPONSE to 11 Motion to Amend/Correct filed by Defendants Bureau of Alcohol Tobacco Firearms and Explosives Director, United States Attorney General. (Newman, Jeremy) (Entered: 03/16/2023) |
| 03/17/2023 | 13 | ORDER by the Honorable Kelly H Rankin granting 11 MOTION to Amend/Correct 1 Complaint. Plaintiff may file an Amended Complaint on or before March 24, 2023.(Court Staff, sjgc) (Entered: 03/17/2023) |
| 03/17/2023 | 14 | ORDER by the Honorable Scott W Skavdahl denying as moot 9 Motion to Dismiss. It is hereby ORDERED that Defendants' Motion to Dismiss (ECF No. 9 ) is DENIED AS MOOT without prejudice to refiling. (Court Staff, skb) (Entered: 03/17/2023) |
| 03/20/2023 | 15 | AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF against Defendant Bureau of Alcohol Tobacco Firearms and Explosives Director, United States Attorney General, filed by Jake Stanley DeWilde. (Attachments: # 1 Envelope) (Court Staff, stbd) (Entered: 03/20/2023) |
| 04/03/2023 | 16 | MOTION to Dismiss *First Amended Complaint* filed by Defendants Bureau of Alcohol Tobacco Firearms and Explosives Director, United States Attorney General. (Newman, Jeremy) (Entered: 04/03/2023) |
| 04/03/2023 | 17 | MEMORANDUM in Support of 16 Motion to Dismiss filed by Defendants Bureau of Alcohol Tobacco Firearms and Explosives Director, United States Attorney General. (Newman, Jeremy) (Entered: 04/03/2023) |
| 04/07/2023 | 18 | MOTION for Leave to File Excess Pages regarding Response to Motion to Defendants' Dismiss Amended Complaint filed by Plaintiff Jake Stanley DeWilde. (Attachments: # 1 Proposed Order, # 2 envelope) (Court Staff, skb) (Entered: 04/07/2023) |
| 04/07/2023 | 19 | ORDER by the Honorable Scott W Skavdahl granting 18 Motion to File Excess Pages. It is hereby ORDERED that Plaintiff's Motion for Leave to File Brief in Excess of Page Limit (ECF No. 18 ) is GRANTED, to the extent Plaintiff may file a brief no more than thirty (30) pages, not including any Table of Contents or Table of Authorities, and Defendants may file a reply brief no more than fifteen (15) pages. (Court Staff, skb) (Entered: 04/07/2023) |
| 04/11/2023 | 20 | MOTION for Summary Judgment, filed by Plaintiff Jake Stanley DeWilde. (Attachments: # 1 Envelope)(Court Staff, stbd) (Entered: 04/11/2023) |
| 04/11/2023 | 21 | BRIEF IN OPPOSITION to 16 Motion to Dismiss Amended Complaint & Brief in Support of 20 Motion for Summary Judgment filed by Plaintiff Jake Stanley DeWilde. (Attachments: # 1 Exhibits A–H) (Court Staff, stbd) (Attachment 1 replaced to correct page orientation on 4/18/2023) (Court Staff, stbd). (Entered: 04/11/2023) |
| 04/13/2023 | 22 | MOTION for Leave to Submit Combined Briefing on Defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment filed by Defendants Bureau of Alcohol Tobacco Firearms and Explosives Director, United States Attorney General. (Newman, Jeremy) Modified event and text on 4/13/2023 (Court Staff, skb). (Additional attachment(s) added on 4/13/2023: # 1 Proposed Order) (Court Staff, skb). (Entered: 04/13/2023) |

| | | |
|---|---|---|
| 04/13/2023 | 23 | ORDER by the Honorable Scott W Skavdahl granting 22 Motion for Leave to Submit Combined Briefing on Defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment. It is hereby ORDERED that Defendants' Motion for Leave to Submit Combined Briefing on Defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment (ECF No. 22 ) is GRANTED. It is further ORDERED that Defendants' combined brief must be filed on or before April 25, 2023, and must separately address their legal arguments as to each pending motion respectively. (Court Staff, skb) (Entered: 04/13/2023) |
| 04/25/2023 | 24 | REPLY BRIEF in Support of 16 Motion to Dismiss, and in Opposition to 20 Motion for Summary Judgment filed by Defendants Bureau of Alcohol Tobacco Firearms and Explosives Director, United States Attorney General. (Newman, Jeremy) Modified text on 4/26/2023 (Court Staff, skb). (Entered: 04/25/2023) |
| 04/28/2023 | 25 | REPLY BRIEF In Support of 20 Motion for Summary Judgment filed by Plaintiff Jake Stanley DeWilde. (Attachments: # 1 Exhibit 1, # 2 Envelope) (Court Staff, stbd) Modified text to link correct Motion Reply Brief is supporting on 4/28/2023 /NEF regenerated. (Court Staff, stbd). (Entered: 04/28/2023) |
| 07/17/2023 | 26 | ORDER by the Honorable Scott W Skavdahl granting 16 Motion to Dismiss Amended Complaint; denying as moot 20 Motion for Summary Judgment. It is hereby ORDERED Plaintiff's Amended Complaint (ECF No. 15 ) is DISMISSED for lack of jurisdiction, Defendants' Motion to Dismiss the Amended Complaint (ECF No. 16 ) is HEREBY GRANTED. It is further ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 20 ) is DENIED AS MOOT. (Copy of Order sent to Plaintiff via U.S. Mail) (Court Staff, skb) (Entered: 07/17/2023) |
| 07/17/2023 | 27 | JUDGMENT in favor of Defendants against Plaintiff by the Honorable Scott W Skavdahl. (Copy of Judgment sent to Plaintiff via U.S. Mail) (Court Staff, skb)The AO133 Bill of Cost form is available at https://www.wyd.uscourts.gov/forms/bill–costs. (Copy of Judgment sent to Plaintiff via U.S. Mail) (Entered: 07/17/2023) |
| 07/28/2023 | 28 | NOTICE OF APPEAL as to 26 Order on Motion to Dismiss, Order on Motion for Summary Judgment & 27 Judgment, by Plaintiff Jake Stanley DeWilde. Filing fee $ 505 paid, receipt number CAS 1–252. (Attachments: # 1 Envelope) (Court Staff, stbd) (Entered: 07/31/2023) |
| 07/28/2023 | 29 | TRANSCRIPT REQUEST (No Transcripts Necessary) by Plaintiff Jake Stanley DeWilde re 28 Notice of Appeal. (Court Staff, stbd) (Entered: 07/31/2023) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

Jake Stanley DeWilde,

        Plaintiff,

    vs.

Attorney General of the United States;
Director of the Bureau of Alcohol, Tobacco,
Firearms, and Explosives,

        Defendants.

Case No. 1:23-CV-00003-SWS

---

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT (ECF No. 16)

This matter comes before the Court on Defendants' *Motion to Dismiss the Amended Complaint*. (ECF No. 16.) Defendants, Merrick Garland, in his official capacity as the Attorney General of the United States of America, and Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE"), submitted a Memorandum in Support of their Motion on April 3, 2023. (ECF No. 17.) Defendants argue Plaintiff fails to state a plausible claim for relief, and therefore Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6). (ECF No. 16 at 2.) In response, the *pro se* Plaintiff, Jake Stanley DeWilde, filed a *Motion for Summary Judgment* (ECF No. 20) and Brief in Opposition to Defendants' Motion to Dismiss and in Support of his Motion for Summary Judgment (ECF No. 21).[1] Defendants then provided a Reply Brief on April 25, 2023, in Support of their Motion and in Opposition to Plaintiff's Motion for Summary Judgment. (ECF No. 24.) Finally, Plaintiff submitted a Reply Brief in Support of his summary judgment motion. (ECF No. 25.)

---

[1] The Court notes for future reference that a single motion or filing should not contain requests for dissimilar relief (e.g., a request for dismissal and a request for continuance).

Thus, there are two pending motions before the Court: Defendants' Motion to Dismiss (ECF No. 16) and Plaintiff's Motion for Summary Judgment (ECF No. 20). Having reviewed the briefs, record, governing authorities, and being otherwise fully advised in the matter, the Court finds Defendants' Motion should be granted and Plaintiff's Motion denied as moot.[2]

## BACKGROUND

Jake Stanley DeWilde ("Mr. DeWilde" or "Plaintiff"), individually filed this action for declarative and injunctive relief, claiming that 18 U.S.C. § 922(o) and the implementing regulation 27 C.F.R. § 479.105(a) unconstitutionally ban the transfer or possession of machine guns, in violation of his Second Amendment rights.[3] (ECF No. 15 at 2.) Plaintiff alleges that the M16 rifle is a standard small-arms weapon in common use by the United States military. (*Id.* at 4.) According to Plaintiff, the use of M16s by today's military is equivalent to the musket as the "quintessential rifle for use in the militia of the colonial and revolutionary war era." (*Id.*) Citing and relying on the United States Supreme Court's decision last year in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), Plaintiff alleges that the U.S. military's use of machineguns like the M16, as well as other non-U.S. Government possession of such weapons, makes them in "common use" and therefore they cannot be banned on the basis of being "dangerous and unusual." (ECF No. 15 at 6.) On behalf of the DeWilde Arms Trust, Mr. DeWilde as the trustee, submitted a form to the BATFE requesting permission to make an M16 machinegun. (*Id.* at 7; ECF No. 1-1

---

[2] Plaintiff's motion for summary judgment is also deficient. Plaintiff does not include a numbered statement of facts in compliance with our Local Rules and has assertions based on inadmissible hearsay. On summary judgment the Court may consider only admissible evidence, although it need not be in admissible form. *See* U.S.D.C.L.R. 7.1(b)(2)(D); *Adams v. Am. Guarantee & Liab. Ins. Co.*, 223 F.3d 1242, 1246 (10th Cir. 2000); Fed. R. Civ. P. 56(c); Fed. R. Evid. 801(c), 802.

[3] Section 922(o) makes it "unlawful for any person to transfer or possess a machinegun" except for transfers or possession of machineguns "under the authority of" a federal or state governmental agency, or "any lawful transfer or lawful possession of a machinegun that was lawfully possessed before the date this subsection takes effect [May 19, 1986]." 18 U.S.C. § 922(o). The BATFE regulation, 27 C.F.R. § 479.105(a), provides that applications to make, transfer, or import a machinegun will not be approved where such making, transfer, or receipt of the machinegun violates the law, including § 922(o). Additionally, although Plaintiff does not explicitly state whether his challenge is to the statutes facially or as applied, the Court understands his Amended Complaint to be a facial challenge only. Plaintiff is also not raising an Article I challenge to § 922(o). (*See* ECF No. 11 at 2.)

WYD 6

at 2–3.) Not surprisingly, the BATFE rejected the application, citing 18 U.S.C. § 922(o). (ECF No. 1-1 at 9.)

In their motion to dismiss, Defendants argue that the United States Supreme Court has recognized, including in *Bruen*, that the Second Amendment does not guarantee a right to possess dangerous and unusual weapons. (ECF No. 17 at 9, 14–19.) Defendants assert that machineguns, including M16s, are "a prime example" of the dangerous and unusual weapon that are not protected by the Second Amendment, and courts—even after the *Bruen* decision—have upheld restrictions on machineguns. (*Id.* at 9, 19–23.) Defendants also maintain that § 922(o) "is consistent with this nation's historical tradition of restricting dangerous and unusual weapons." (ECF No. 17 at 9, 23, 29–30.) Therefore, Defendants reason Plaintiff's Amended Complaint must be dismissed for failure to state a claim under Rule 12(b)(6). (*See* ECF No. 16 at 2.)

In opposition, Plaintiff argues application of the standard set forth in *District of Columbia v. Heller*, 554 U.S. 570 (2008), with clarifications by the Supreme Court in *Bruen*, make the machinegun ban of § 922(o) unconstitutional, so Defendants' motion to dismiss should be denied. (ECF No. 21 at 9–10.) Plaintiff further contends Defendants misread the "common use" test from *Heller* which Mr. DeWilde states expanded upon and is derived from *United States v. Miller*, 307 U.S. 174 (1939). (ECF No. 21 at 10–12.) Because machineguns are commonly used by the United States military and by the generic citizenry of America, Plaintiff maintains that such weapons are protected under the Second Amendment. (*Id.* at 12–18.) Moreover, Plaintiff argues *Bruen* clarified that the bar on "dangerous and unusual weapons" from *Heller* concerns the manner of bearing arms and not a class of weapons themselves. (*Id.* at 18.) Plaintiff asserts machineguns are not dangerous and unusual and even if they are, they cannot be banned because they are in common use. (*Id.* at 18–20.) Finally, even if not in common use, machineguns are protected by the Second Amendment because under *Bruen*, machineguns are covered by the Second Amendment's plain

text and § 922(o) is inconsistent with this nation's historical tradition of regulating arms. (*Id.* at 20–37.) In response, Defendants submit that Plaintiff "misinterprets Supreme Court precedent that forecloses his claim and fails to explain away the uniform lower court authority rejecting Second Amendment challenges to § 922(o)." (ECF No. 24 at 6.)

At bottom, both sides think the other misconstrues past United States Supreme Court decisions and improperly or insufficiently apply the standard set forth in *Bruen.* For the reasons discussed herein, the Court finds Plaintiff lacks standing and furthermore, agrees with the Government that § 922(o) is constitutional and Plaintiff's Amended Complaint must therefore be dismissed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a plaintiff's complaint fails to state a claim upon which relief can be granted. In reviewing a motion to dismiss under Rule 12(b)(6), this Court must accept as true "all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, complaints "that offer[] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" or "'naked assertions' devoid of 'further factual enhancement,'" fail to state a claim upon which relief may be granted. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Facts, not conclusions, must be pleaded—"the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," including

4

where a "legal conclusion [is] couched as a factual allegation." *Id*. (internal quotation marks omitted).

The Court liberally construes *pro se* filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. It is never "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. Because Plaintiff is *pro se*, we liberally construe Mr. DeWilde's filings but "will not supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## DISCUSSION

### Standing

Before considering the merits of Plaintiff's claim, this Court is required to satisfy itself that Mr. DeWilde has Article III standing. Although not raised by Defendants, federal courts have jurisdiction only over "cases" or "controversies." *See Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citing U.S. Const. art. III, § 2). To meet the case or controversy requirement of Article III, the plaintiff must have standing to sue. Standing presents a jurisdictional issue that may be raised by the court at any time. *Bd. of Cnty. Comm'rs for Garfield Cnty., Colo. v. W.H.I., Inc.*, 992 F.2d 1061, 1063 (10th Cir. 1993). To demonstrate standing and invoke the jurisdiction of this Court, a plaintiff must establish: (1) they suffered an injury in fact; (2) there is a causal connection between the injury suffered and the conduct in question; and (3) that it is likely, not speculative, that a favorable decision will redress the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury-in-fact involves the "invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id*. (citation and internal quotation marks omitted). "The party invoking federal jurisdiction bears the burden of establishing

WYD 9

these elements." *Id.* at 561. The Supreme Court's "'standing inquiry has been especially rigorous when reaching the merits of the dispute would force [the Court] to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *Raines*, 521 U.S. at 819–20).

In the Amended Complaint, it is alleged "Plaintiff submitted an ATF Form 5320.1, Application to Make and Register a firearm, to the BATFE, requesting permission to make an M16 machinegun. On December 20, 2022, the BATFE disapproved Plaintiff's application, citing 18 U.S.C. § 922(o) (see Appendix A)."[4] According to the referenced Appendix A, the applicant was a trust or legal entity named "DeWilde Arms Trust," and the Form was signed and submitted to BATFE by "Jake DeWilde, *Trustee.*" (ECF No. 1-1 at 2–3 (emphasis added).) The DeWilde Arms Trust and Mr. DeWilde *as Trustee* are not Plaintiffs here.[5] The Plaintiff here is Jake Stanley DeWilde as an individual, or in other words, in his personal capacity. The Amended Complaint therefore inherently contradicts itself and the allegations do not indicate the individually-named Plaintiff, Mr. DeWilde, has ever submitted or been denied any request by the BATFE. It is unknown whether Plaintiff has individually sought to make, register, or possess a machinegun.

That leaves the Court with only one other allegation: "Plaintiff desires to own an M16 machinegun for all lawful purposes, including defense of hearth and home and militia functions." (ECF No. 15 at 7.) But this is too indefinite to establish a particularized injury and insufficient to

---

[4] In considering the adequacy of a plaintiff's allegations in a complaint, a district court may also consider the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 & Supp. 2007)). Therefore, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings . . . '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim . . . .'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). Here, the Court recognizes the "Appendix A" attached to Plaintiff's original Complaint (ECF No. 1-1) to be incorporated and inherently part of his Amended Complaint and therefore, is considered.

[5] Jake Stanley DeWilde as Trustee of the DeWilde Arms Trust was previously a plaintiff in this matter, however, in response to arguments concerning Mr. DeWilde's authority to represent the Trust raised in Defendants' initial motion to dismiss (ECF No. 10 at 30–31), Mr. DeWilde withdrew the claims on behalf of the Trust. (*See* ECF No. 11 at 2; ECF Nos. 13; 15.) Plaintiff's claim is only in his personal capacity.

6

WYD 10

constitute an injury-in-fact. "The mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III." *Stoianoff v. Montana*, 695 F.2d 1214, 1223 (9th Cir. 1983). The Supreme Court has instructed that a plaintiff challenging the constitutionality of a criminal statute need not "first expose himself to actual arrest or prosecution" but must establish standing by "alleg[ing] an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute," and demonstrating that "there exists a credible threat of prosecution thereunder." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (internal quotation marks omitted). "When plaintiffs 'do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible,' they do not allege a dispute susceptible to resolution by a federal court." *Id.*, at 298–99.

Here, Plaintiff merely expresses a desire to own an M16 machinegun. He does not plead any facts regarding when or how he plans to own such a gun nor allege any fear or likelihood of investigation, arrest, or prosecution. Mr. DeWilde "does not allege past or present firearm ownership. He does not allege an attempt to purchase a firearm, much less a failed transaction. He does not aver that a firearm has been confiscated by the ATF." *Kegler v. U.S. Dep't of Just.*, 436 F. Supp. 2d 1204, 1219 (D. Wyo. 2006). *See also Montana Shooting Sports Ass'n v. Holder*, No. CV-09-147-DWM-JCL, 2010 WL 3926029, at *10–11 (D. Mont. Aug. 31, 2010) (stating plaintiff had not articulated concrete plan to show he faced credible threat of prosecution, and finding he lacked standing), *report and recommendation adopted*, 2010 WL 3909431 (D. Mont. Sept. 29, 2010). Rather, Mr. DeWilde generically attacks the constitutionality of the criminal statute which generally prohibits possession of machineguns unless an exception applies. *See* § 922(o). The Court will not construct a claim or standing on Mr. DeWilde's behalf. *See Whitney*, 113 F.3d at 1173–74.

7

Plaintiff's claim is too attenuated and fails to show the immediacy necessary to constitute an injury-in-fact and confer standing. *See Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 293 (6th Cir. 1997) ("The individual plaintiffs have failed to show the high degree of immediacy necessary for standing when fear of prosecution is the only harm alleged."). *Cf. Wilson v. Stocker*, 819 F.2d 943, 946 (10th Cir. 1987) (finding plaintiff had standing to bring suit because he "was arrested for violating the statute he now challenges" and "presented sworn testimony that he wishes to continue the conduct which precipitated his arrest, but has not done so for fear of rearrest"); *Nichols v. Brown*, 945 F. Supp. 2d 1079, 1104–05 (C.D. Cal. 2013) (pro se plaintiff alleging he had carried loaded firearm in public in the past, and intended to do so on a regular basis in the future, was enough to confer standing to challenge constitutionality of California's ban on carrying loaded firearm in public place). Further, granting standing to an individual such as Mr. DeWilde here "would allow virtually anyone to challenge a federal act concerning gun control." *Magaw*, 132 F.3d at 294. The Court declines to swing open the courthouse doors to such individuals to express "generalized grievances." *See Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 474–75 (1982) (citing *Warth v. Seldin*, 422 U.S. 490, 499–500 (1975)); *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139–41 (9th Cir. 2000) (requiring some articulated concrete plan to violate the law in question rather than general intent), *cert. denied*, 531 U.S. 1143 (2001). "Just because [plaintiff] does not like the firearms regulation does not give him standing to complain about its legality." *Westfall v. Miller*, 77 F.3d 868 (5th Cir. 1996).[6]

To conclude, Mr. DeWilde has not provided sufficient factual allegations to fulfill the standing requirements of Article III. *See Kegler*, 436 F. Supp. 2d at 1218–20 (D. Wyo. 2006)

---

[6] The Court also notes Defendants' argument that Plaintiff has not alleged or offered any evidence that he is not prohibited from possessing a firearm, including a machinegun, by other laws which he is not challenging here. (*See* ECF No. 24 at 23.) Plaintiff, *only in argument and generally*, asserts he is a law-abiding citizen. (ECF No. 21 at 9; ECF No. 25 at 12.)

8

(similarly finding plaintiff lacked standing); *Leo Combat, LLC v. U.S. Dep't of State*, No. 15-CV-02323-NYW, 2016 WL 6436653 (D. Colo. Aug. 29, 2016) (finding lack of standing on count 1 because "any threat of prosecution is simply too attenuated to rise to the level of a credible threat of prosecution."); *Bezet v. United States*, 276 F. Supp. 3d 576 (E.D. La.) (holding where plaintiff did not allege an application to transfer a firearm was ever filed or rejected, plaintiff lacked standing), *aff'd*, 714 F. App'x 336 (5th Cir. 2017). This Court therefore lacks subject matter jurisdiction and *sua sponte* dismisses on those grounds.

**Second Amendment Challenge**

Alternatively, even if Plaintiff has standing, his Amended Complaint must be dismissed for failure to state a claim because machineguns are not protected by the Second Amendment. Plaintiff's claim is essentially a facial challenge to § 922(o). "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

The Supreme Court in *Bruen* set forth the standard for district courts to apply in this context: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2129–30. Effectively, the first question is whether the Second Amendment's plain text covers Plaintiff's conduct: possessing a machinegun. If yes, the second question is whether the Government has demonstrated that § 922(o) is consistent with the United States' historical tradition of firearm regulation.

In answering the second question, courts should consider "whether 'historical precedent' from before, during, and even after the founding evinces a comparable tradition of regulation." *Id.*

9

at 2131–32. The "historical inquiry" will often require "reasoning by analogy." *Id.* at 2132. "[D]etermining whether a historical regulation is a proper analogue for a distinctly modern firearm regulation requires a determination of whether the two regulations are 'relevantly similar.'" *Id.* Further, "analogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*." *Id.* at 2133 (emphasis in original).

Pursuant to *Bruen*, the Court first considers whether the Second Amendment's plain text covers Mr. DeWilde's possession of machineguns. If the answer is yes, "the Constitution presumptively protects [his] conduct." *Bruen*, 142 S. Ct. at 2129–30.

The Second Amendment to the United States Constitution provides: "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. But as determined in *United States v. Miller*, 307 U.S. 174 (1939), "the Second Amendment does not protect *those weapons not typically possessed* by law-abiding citizens for lawful purposes." *Heller*, 554 U.S. at 625 (emphasis added). The Supreme Court in *Heller* stated that *Miller* stands "for the proposition that the Second Amendment right, whatever its nature, extends *only to certain types of weapons*." *Heller*, 554 U.S. at 623 (emphasis added). History and tradition favor an "important limitation" to the Second Amendment: "prohibiting the carrying of 'dangerous and unusual weapons.'" *Heller*, 554 U.S. at 627. A machinegun is far from equivalent to the modern-day musket.

Since *Heller*, Circuit Courts of Appeals have uniformly found machineguns to be dangerous and unusual and not in common use. *See e.g.*, *United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008) ("Machine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use."), *cert. denied*, 555 U.S. 1174 (2009); *Hamblen v. United States*, 591 F.3d 471, 472, 474 (6th Cir. 2009) ("[W]hatever the individual right to keep

and bear arms might entail, it does not authorize an unlicensed individual to possess unregistered machine guns for personal use."), *cert. denied*, 559 U.S. 1115, 130 S.Ct. 2426 (2010); *United States v. Marzzarella*, 614 F.3d 85, 94 (3d Cir. 2010) ("[T]he the Supreme Court has made clear the Second Amendment does not protect [machine guns]."); *United States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012) ("We agree with the reasoning of our sister circuits that machine guns are 'dangerous and unusual weapons' that are not protected by the Second Amendment."); *United States v. Zaleski*, 489 F. App'x 474, 475 (2d Cir. 2012) ("Regardless of [plaintiff's] membership in the unorganized militia of the State of Connecticut, the Second Amendment does not protect [his] personal possession of machine guns."), *cert. denied*, 568 U.S. 990 (2012); *United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber Serial No. LW001804*, 822 F.3d 136, 143–44 (3d Cir. 2016) ("[T]he Second Amendment does not protect the possession of machine guns. They are not in common use for lawful purposes."); *Hollis v. Lynch*, 827 F.3d 436, 449–51 (5th Cir. 2016) ("For purposes of the present case, we conclude it does not matter which set of numbers we adopt. None of them allow a conclusion that a machinegun is a usual weapon. . . . Machineguns are dangerous and unusual and therefore not in common use."). Even before *Heller*, courts have questioned the Second Amendment's reach to machineguns. *See e.g.*, *Haynes v. United States*, 390 U.S. 85, 87 (1968) (describing machine guns as "weapons used principally by persons engaged in unlawful activities"); *United States v. Lucero*, 43 F. App'x 299, 301 (10th Cir. 2002) (Lucero, J., concurring) ("I am not persuaded that the semi-automatic and fully automatic "machineguns" which defendant sold to federal agents, and which have been outlawed by federal legislation, are the type of arms subject to Second Amendment protection."), *cert. denied*, 537 U.S. 1064 (2002); *United States v. Spires*, 755 F. Supp. 890, 892 (C.D. Cal. 1991) ("Congress believed these particular weapons [machineguns], as opposed to

11

firearms in general, are extremely dangerous and serve virtually no purpose other than furtherance of illegal activity."). Circumstances have not meaningfully changed since these decisions.

This Court therefore reaches the same conclusion—there is no Second Amendment right to possess a machinegun. Despite Plaintiff's argument to the contrary, usage of machineguns by the United States military does not alter the analysis. The Court directs Plaintiff to several key points, which this Court is either mandated or inclined to follow. First, the phrase "keep and bear arms" within the Second Amendment itself: "[b]ear arms" does not in any way "connote[] participation in a structured military organization." *Heller*, 554 U.S. at 584. It is "used to refer to the carrying of weapons *outside* of an organized militia." *Id.* at 584 (emphasis added). To be clear, "keep and bear arms" guarantees "the individual right to possess and carry weapons in case of confrontation" and is unconcerned with service in the militia. *Id.* at 584–95. Second, taking Plaintiff's argument logically would demand that the entire law-abiding citizenry is permitted to possess the same weapons our armed forces utilize. Where is the limit? Tanks, bombs, nuclear weapons? This is beyond outlandish, yet it is the logical result of Plaintiff's argument that provides no limit. The Court declines to permit such an astonishing result.

Additionally, where Plaintiff argues reference must be made to the prefatory clause of the Second Amendment, "[a] well regulated militia," so as not to render it meaningless (*see* ECF No. 21 at 21–23), Justice Scalia recognized such a conundrum in *Heller* without further fanfare or otherwise taking issue with it:

> It may be objected that if weapons that are most useful in military service—M–16 rifles and the like—may be banned, then the Second Amendment right is completely detached from the prefatory clause. But as we have said, the conception of the militia at the time of the Second Amendment's ratification was the body of all citizens capable of military service, who would bring the sorts of lawful weapons that they possessed at home to militia duty. It may well be true today that a militia, to be as effective as militias in the 18th century, would require sophisticated arms that are highly unusual in society at large. Indeed, it may be true that no amount of small arms could be useful against modern-day bombers and tanks. *But the fact that*

12

> *modern developments have limited the degree of fit between the prefatory clause*
> *and the protected right cannot change our interpretation of the right.*

*Heller*, 554 U.S. at 627–28 (emphasis added). It was also specified by Justice Scalia that to read

into the phrase "ordinary military equipment" in *Miller*, and as Plaintiff here suggests to determine

arms "in common use" (ECF No. 21 at 11–12), is at minimum, inadvisable, and arguably,

incorrect. "That would be a *startling* reading of the [*Miller*] opinion, since it would mean that the

National Firearms Act's restrictions on machineguns (not challenged in *Miller*) might be

unconstitutional." *Heller*, 554 U.S. at 624 (emphasis added). This Court declines to adopt what

Justice Scalia and the majority of the Supreme Court described as "startling." *See Friedman v. City*

*of Highland Park, Illinois*, 784 F.3d 406, 408 (7th Cir. 2015) ("*Heller* deemed a ban on private

possession of machine guns to be obviously valid."), *cert. denied sub nom. Friedman v. City of*

*Highland Park, Ill.*, 577 U.S. 1039 (2015).

　　The Court also rejects Plaintiff's argument that "dangerous and unusual" refers to the

common law offense of "affray" or the manner in which persons bear arms. *See Hollis v. Lynch*,

121 F. Supp. 3d 617, 636–37 (N.D. Tex. 2015) (relying on *Miller* and *Heller*, rejecting the same

argument), *aff'd*, 827 F.3d 436 (5th Cir. 2016); *One (1) Palmetto State Armory PA-15 Machinegun*

*Receiver/Frame, Unknown Caliber Serial No. LW001804*, 822 F.3d at 143–44 (rejecting similar

argument). Because firearms such as an M16 or other machineguns are dangerous and unusual

weapons, they are outside the scope and protection of the Second Amendment. Section 922(o) is

not unconstitutional. This is in line with every district court to address § 922(o) since *Bruen*. *United*

*States v. Hoover*, No. 3:21-CR-22(S3)-MMH-MCR, 2022 WL 10524008, at *13 (M.D. Fla. Oct.

18, 2022); *United States v. Simien*, No. SA-22-CR-00379-JKP, 2023 WL 1980487, at *8–9 (W.D.

Tex. Feb. 10, 2023), *reconsideration denied*, 2023 WL 3082358 (W.D. Tex. Apr. 25, 2023);

*United States v. Dixon*, No. 22 CR 140, 2023 WL 2664076, at *3 (N.D. Ill. Mar. 28, 2023); *United*

*States v. Kazmende*, No. 1:22-CR-236-SDG-CCB, 2023 WL 3872209, at *2–4 (N.D. Ga. May 17,

WYD 17

2023), *report and recommendation adopted*, 2023 WL 3867792 (N.D. Ga. June 7, 2023); *Cox v. United States*, No. CR 11-00022RJB, 2023 WL 4203261, at *7 (D. Alaska June 27, 2023). *See also Oregon Firearms Fed'n v. Tina Kotek*, ---F. Supp. 3d---, 2023 WL 4541027, at *34 (D. Or. July 14, 2023) (in determining that large capacity magazines were dangerous and unusual, court found they had uniquely dangerous propensities and are not commonly possessed by law-abiding citizens for self-defense).

The parties debate whether the question of "dangerous and unusual" and the "common use" test comes into play in *Bruen*'s first or second step. Yet at the same time, this Court understands the Plaintiff to consistently argue that we must look at the text of the Second Amendment "as informed by history." (*See* ECF No. 21 at 23, 28.) Such an argument begs the question that *Bruen*'s first step demands the inquiry of whether machineguns are the type of weapon considered to be "dangerous and unusual" and unprotected by the Second Amendment. Regardless, this Court must follow the U.S. Supreme Court's guidance that the Second Amendment right is limited to include the sorts of weapons protected "in common use at the time" and "that limitation is supported by the historical tradition of prohibiting the carrying of dangerous and unusual weapons." *Heller*, 554 U.S. at 627 (internal quotation marks omitted) (citation omitted). The Supreme Court made clear in *Bruen* that its recent holding is "in keeping with *Heller*." *Bruen*, 142 S. Ct. at 2126. Nothing in *Bruen* brings into firing range the aforementioned caselaw holding that machineguns are simply outside the protection of the Second Amendment. *See Kazmende*, 2023 WL 3872209, at *4 n.5 (addressing similar debate).

Further, Justice Alito's concurring opinion in *Bruen* also stated the Court's opinion does not "decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), about restrictions that may be imposed on the possession or carrying of guns."

*Bruen*, 142 S. Ct. at 2157 (Alito, J., concurring). Justice Kavanaugh, joined by Chief Justice Roberts, also reiterated the Second Amendment "allows a 'variety' of gun regulations" and then directly quoted the language from *Heller* explaining the Second Amendment is not unlimited, is "not a right to keep and carry any weapon whatsoever," and prohibiting the "carrying of dangerous and unusual weapons" is an "important limitation" on the right. *Id.* at 2162 (Kavanaugh, J., concurring) (quoting *Heller*, 554 U.S. at 626–27). Both *Miller* and *Heller* remain good law and binding on this Court.

Plaintiff argues much of this language in *Heller* is dicta. (*See* ECF No. 21 at 18–19, 24.) Even if so, district courts are "bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements." *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1243 (10th Cir. 2008) (quoting *Gaylor v. United States*, 74 F.3d 214, 217 (10th Cir. 1996)). This Court "cannot simply override a legal pronouncement endorsed by a majority of the Supreme Court." *Hengle v. Treppa*, 19 F.4th 324, 347 (4th Cir. 2021) (internal quotation marks and alterations omitted). *See also Manning v. Caldwell for City of Roanoke*, 930 F.3d 264, 282 (4th Cir. 2019) ("[L]ower courts grappling with complex legal questions of first impression must give due weight to guidance from the Supreme Court, so as to ensure the consistent and uniform development and application of the law.").

Plaintiff's claim challenging the constitutionality of § 922(o) is foreclosed by *Miller*, *Heller*, and *Bruen. See Dixon*, 2023 WL 2664076, at *3 (holding same). The Second Amendment does not extend to "dangerous and unusual weapons" such as machineguns. *See United States v. Cox*, 906 F.3d 1170, 1185–86 (10th Cir. 2018) (holding short-barreled rifles belong in the "category of weapons not typically possessed by law-abiding citizens for lawful purposes" and thus "fall[] outside the Second Amendment's guarantee."), *cert. denied*, 204 L. Ed. 2d 1090 (June 10, 2019), *cert. denied sub nom. Kettler v. United States*, 139 S. Ct. 2691 (2019).

15

## CONCLUSION

The Second Amendment is not a second-class right, but it also is not without limits. As set forth above, Plaintiff lacks standing to pursue these issues and alternatively, fails to allege a plausible claim for relief.

**THEREFORE, IT IS HEREBY ORDERED** Plaintiff's *Amended Complaint* (ECF No. 15) is **DISMISSED** for lack of jurisdiction. Alternatively, to the extent this Court has jurisdiction, Defendants' *Motion to Dismiss the Amended Complaint* (ECF No. 16) is **HEREBY GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Summary Judgment* (ECF No. 20) is **DENIED AS MOOT.**

Dated this 17ᵗʰ day of July, 2023.

BY THE COURT:

SCOTT W. SKAVDAHL
Chief United States District Judge

WYD 20

FILED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

4:21 pm, 7/17/23

**Margaret Botkins
Clerk of Court**

JAKE STANLEY DeWILDE,

                         Plaintiff

vs

                         Case Number: 22-CV-03-SWS

ATTORNEY GENERAL OF THE UNITED
STATES; DIRECTOR OF BUREAU OF
ALCOHOL, TOBACCO, FIREARMS, AND
EXPLOSIVES,

                         Defendants

## JUDGMENT IN A CIVIL ACTION

Pursuant to the Order Granting Defendants' Motion to Dismiss the Amended Complaint (Doc. 26), entered July 17, 2023, which is fully incorporated by this reference,

     IT IS HEREBY ORDERED that final judgment is entered in Defendants' favor in accordance with that order and this action is DISMISSED.

     Dated this 17th day of July, 2023.

                                  Margaret Botkins
                                  Clerk of Court

                                  By Kim Blonigen
                                  Deputy Clerk

Rev. 06/03/2022

# United States District Court

for the

District of Wyoming

U.S. DISTRICT COURT
DISTRICT OF WYOMING
2023 JUL 28 AM 11: 44
MARGARET BOTKINS, CLERK
CASPER

| | | |
|---|---|---|
| Jake Stanley DeWilde | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00003-SWS |
| | ) | |
| Attorney General of the United States; Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF APPEAL

Notice is given that Plaintiff hereby appeals to the United States Court of Appeals for the

Tenth Circuit this Court's Order and Judgment entered on July 17, 2023 (ECF Nos. 26 & 27).

DATED this 27th day of July, 2023.     Respectfully Submitted,

Jake S. DeWilde

PO Box 267

Wapiti, WY 82450

(307) 587-4524

1

WYD 22

US POSTAGE IMPRINT
PITNE
$ 009
ZIP 82450
02 7H
0001348725

FIRST-CLASS

CERTIFIED MAIL

7020 3160 0000 2693 1895

JAKE DEWILDE
PO Box 267
WAPITI, WY 82450

U.S. DISTRICT COURT CLERK'S OFFICE
111 S. WOLCOTT, ROOM 121
CASPER, WY 82601

RETURN RECEIPT REQUESTED

RETURN RECEIPT REQUESTED

WYD 23